DALE M. FIOLA, SBN 76397
Attorney at Law
200 North Harbor Boulevard, Suite 217
Anaheim, California 92805
Fiolaw1@aol.com Email
(714) 635-7888 Phone
(714) 635-3323 Fax

Law Office of Mark Boling
Mark Boling, SBN 101589
maboling@earthlink.net
21986 Cayuga Lane
Lake Forest, CA 92630
(949) 588-9222 Phone
Attorneys for Plaintiff JOHNNY KIM, individually
and on behalf of all other similarly situated employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY KIM, individually and on behalf of all other similarly situated employees, <br><br> Plaintiff, <br><br> vs. <br><br> CASHCALL, INC., <br><br> Defendant. | CASE NO.: <br><br> **CLASS ACTION** <br><br> COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF RESCISSION AND RESTITUTION: <br><br> 1. UNPAID OVERTIME WAGES *(LABOR CODE §§ 510 and 1194);* <br> 2. INADEQUATE MEAL PERIODS *(LABOR CODE §§ 226.7, 512);* <br> 3. UNLAWFUL DEDUCTIONS FROM WAGES EARNED *(LABOR CODE §§ 221-223, 400-410);* <br> 4. UNFAIR COMPETITION VIOLATIONS (BUS. & PROF. CODE §§*17200-17208);* <br> 5. FAIR LABOR STANDARDS ACT *(29 U.S.C. §§ 207(a), 216(b)).* <br><br> DEMAND FOR JURY TRIAL |

Page 1

KIM: CLASS COMPLAINT

Plaintiff JOHNNY KIM on behalf of himself and all other similarly situated employees complains and alleges as follows:

## I.  NATURE OF ACTION

1.      Plaintiff is seeking an individual and collective claim against Defendants CashCall, Inc. for unpaid overtime compensation and interest thereon under *29 U.S.C. §§ 207(a) and 216(b)* of the Fair Labor Standards Act of 1938 on behalf of Plaintiff and all other loan agents who are or have been employed by Defendant CASHCALL, INC., at its call centers located in the city of Orange and elsewhere in the State of California ("Call Centers") during the relevant statute of period for each claim and at any time after January 2012.  Plaintiff also seeks the recovery of costs, expert witness fees, and reasonable attorneys' fees in accordance with *29 U.S.C. § 216(b)*.

2.      Plaintiff is seeking individual and class claims against Defendants CashCall, Inc. for unpaid overtime compensation and interest thereon, compensation for missed meal and rest periods, compensation for unlawful deductions from earned wages, failure to report all earnings, injunctive, declaratory and other equitable relief, and reasonable attorneys' fees and costs, under *Cal. Labor Code §§ 203, 218.5, 221-223, 226, 226.3, 226.7, 400-410, 510, 512, 1194, and C.C.P. §1021.5* on behalf of Plaintiff and all other loan agents who are or have been employed by Defendant CashCall, Inc., at its call centers located in the city of Orange and elsewhere in the State of California ("Call Centers") during the relevant statute of period for each claim and at any time after January 2012.

3.      Plaintiff also seeks declaratory relief invalidating Defendant's Acknowledgement Forms and injunctive relief and restitution of all benefits Defendants have enjoyed from their failure to pay overtime compensation, their failure to provide adequate meal and rest periods, and

KIM: CLASS COMPLAINT

1   their practice of making unlawful deductions from the wages of Plaintiff

2   and all other similarly situated employees, under *Cal. Business and*

3   *Professions Code* 17200-17208. The CashCall Employee

4   Acknowledgement prevents and prohibits "concerted activity" by

5   CashCall's Loan Agents to seek mutual aid and protection through class,

6   collective and representative actions in violation of Section 7 of the

7   National Labor Relations Act (NLRA) (29 U.S.C. § 158) and Section 8 by

8   interfering with and restraining protected rights under the NLRA to engage

9   in concerted action whereby groups of employees can engage in legal

10  action to protect and preserve work-place rights.

## II.  JURISDICTION

12      4.      This Court has original jurisdiction over Plaintiff's individual

13  and collective claims for unpaid overtime wages in violation of 29 *U.S.C.*

14  §§ 207 (a) and 216 (b) of the Fair Labor Standards Act of 1938 under 28

15  *U.S.C.* § 1331.

16      5.      This Court has supplemental jurisdiction over Plaintiff's

17  individual and class state claims claims, which form part of the same case

18  or controversy under Article III of the United States Constitution as

19  Plaintiff's federal claims herein under 28 *U.S.C.* § 1367 (a), which

20  necessarily includes supplemental jurisdiction over:

21          a)      Plaintiff's claims for unpaid overtime wages under *Cal.*

22  *Labor Code §1194.*

23          b)      Plaintiff's claims for penalties for failure to pay wages of

24  discharged employees under *Cal. Labor Code §203.*

25          c)      Plaintiff's claims for meal period violations and unlawful

26  deductions from wages due under *Cal. Labor Code §218.*

27          d)      This Court has jurisdiction over Plaintiff's claims for

28  declaratory relief, injunctive relief and restitution of ill-gotten benefits

KIM: CLASS COMPLAINT

1    arising from Defendants' unfair, deceptive or unlawful business practices

2    under *Cal. Business & Professions Code §§ 17203 and 17204.*

3                               **III.  VENUE**

4          6.      Venue as to Defendant CashCall, Inc. is proper in this judicial

5    district, pursuant to 28 *U.S.C.* § 1391 (b). Defendant, either maintains

6    headquarters or other offices, transacts business, and/or has an agent in

7    Orange County, California and Defendant is otherwise within this Court's

8    jurisdiction for purposes of service of process.  The unlawful acts alleged

9    herein have a direct effect on Plaintiff within the State of California and

10   within Orange County. Defendants operate a few offices in Orange County

11   within the State of California and employ numerous Class Members in

12   Orange County.  Plaintiff JOHNNY KIM was employed as a loan agent by

13   Defendant CashCall, Inc. in Orange County, California.

14                              **IV.  PARTIES**

15   *A.    Plaintiff*

16         7.      At all relevant times, Plaintiff JOHNNY KIM resided in

17   Orange County, California.  Plaintiff KIM was employed by Defendants as

18   a loan agent in Defendants' Orange, California Call Center located inside

19   The Outlets of Orange, from approximately December 2012 until August

20   2015 when he was terminated.  Plaintiff KIM was a putative class member

21   of a class action lawsuit initially filed on May 20, 2014 and dismissed

22   without prejudice of class claims on January 13, 2017 in the Orange

23   County Superior Court of California entitled *Thanh Le v. CashCall, Inc. et*

24   *al.*, Case No. 30-2014-00724582-CU-OE-CXC, which alleges substantially

25   similar claims and general set of operative facts against CashCall.

26   *B.    Defendants*

27         8.      Defendant CashCall, Inc., hereinafter referred to as

28   "CashCall", is and, at all times mentioned herein, was organized and

KIM: CLASS COMPLAINT

existing under the laws of the State of California with its principal place of business located at One City Boulevard West, Suite 102, Orange, California.  Defendant CashCall is primarily engaged in the financial services business in California providing consumer loans or "pay day" loans, and recently secured mortgages.

## V.  FACTUAL BACKGROUND

9.     Defendants CashCall operates and, at all times during the liability period, has done business in Orange County and elsewhere within California.  At the Orange Call Center and at its other Call Centers, Defendant has, among other things, originated, serviced, sold, transferred and assigned consumer loans and "payday" loans.  In the course of their employment with Defendants, Plaintiff and loan agents have pre-qualified borrowers, sold loans and processed applications.

10.    The practices and policies that are complained of herein were enforced against in excess of 500 similarly situated loan agents employed at Defendant CashCall's Orange Call Center and other Call Centers within the State of California during the relevant liability period.

11.    Plaintiff and loan agents employed at CashCall worked more than 50 hours per week and were only paid overtime pay for 10 hours maximum. Additionally, if Plaintiff and loan agents were to clock in incorrectly or there were any discrepancies about their time card or the hours they worked, they would be penalized and would be denied the 10 hours of overtime pay completely.  Plaintiff and loan agents were instructed to clock out after 8-12 hours although they worked well beyond the designated 8-12 hours per day and if they did not clock out after 8-12 hours of work, they were denied any overtime payment.

12.    Plaintiff and all other similarly situated loan agents are covered and/or have been covered by Cal. Labor Code § 510, which

KIM: CLASS COMPLAINT

requires employers to pay employees 1 ½ times their normal hourly rate for hours worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the seventh day worked in a work week. Defendants, at all times mentioned herein, intentionally failed to pay all overtime compensation earned by loan agents, including Plaintiff, and failed to obtain loan agents' agreement or consent to any fluctuating workweek (FWW) and to pay all overtime required for work performed in excess of 10 hours of overtime a week in order to avail themselves of the *29 C.F.R. § 778.114(a)*.

13.     At all relevant times, CashCall's loan agents, including Plaintiff, have regularly worked in excess of five (5) hours a day without being afforded a meal period of at least a half-hour in which they were relieved of all duties.  They have also regularly worked at least ten (10) hours a day without receiving a second meal period of at least a half hour in which they were relieved of all duties. Defendants knew or should have known of these facts and permitted, encouraged and/or required loan agents to forego these meal periods. The loan agents do not fall within any exemption to the meal period requirements of the Labor Code and applicable wage orders. Plaintiff and loan agents were instructed to "clock out" at approximately 11:00 or 12:00 for lunch but would not be permitted to take the actual lunch break until after 1:30 when funding closed for the day.  During their lunch break, they continued to work and eat at their desk.

14.     At all relevant times, Defendants have deducted sums earned by or due to Plaintiff and other similarly situated loan agents for many reasons, including, but not limited to, discrepancies in their time records or working in excess of 10 hours of overtime per week.

KIM: CLASS COMPLAINT

15.    Defendants have had a consistent policy and practice of: (1) permitting, encouraging, and/or requiring their loan agents, including Plaintiff, to work in excess of eight (8) hours per day and in excess of forty (40) hours per week without paying them overtime compensation as required by California state wage and hour laws; (2) permitting, encouraging, and/or requiring their loan agents, including Plaintiff, to work in excess of five (5) hours per day without taking an adequate meal break of at least one half hour and to work in excess of ten (10) hours per day without taking a second adequate meal break of at least one half hour; (3) making unlawful deductions from wages earned by or due to loan agents; (4) willfully failing to pay compensation owing (including unpaid overtime) in a prompt and timely manner to loan agents whose employment with Defendants terminated; and (5) willfully failing to comply with the following statutory provision: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, etc."

16.    All loan agents were required to work 40 hours a week and were paid a base hourly rate of $10.75 for those regular 40 hours a week, plus overtime of additional 10 hours a week at 1 ½ (1.5 x) times their regular rate of pay.  In addition, Defendants had a bonus plan that would pay loan agents a bonus based upon a "tier" program of approximately 20 levels.  Each level reached would result in an increase in their hourly pay. However, under threat of discipline, loan agents were required to work in excess of 50 hours a week and, in many instances, loan agents, including Plaintiff, would work from 20-60 hours of overtime a week "off the clock;"

KIM: CLASS COMPLAINT

hours that Defendants knew or should have known all other similarly situated loan agents, including Plaintiff, typically worked. The practice of loan agents working "off the clock" was so well-known, long-standing, systemic and accepted at Defendant operations that some of Defendant's existing supervisors or managers at the time of Plaintiff's employment period, e.g., Scott Roberts, Daniel Reader, Matthew Faria, Don Johnson, and Johnny Vo, had worked off the clock when they had been in the position of a CashCall consumer loan agent. Loan agents were not required to record their time worked on the job, especially "off the clock" hours worked, but Defendant possessed Cisco System Time Steps that noted loan agents log "time-ins" and "time-outs," along with time records for transactions and notes in borrowers' respective files, including Call logs and Computer Activities logs. Defendant had an explicit policy that they would not pay any overtime in excess of 10 hours a week and an unwritten policy that loan agents were to work as many hours beyond 10 hours of overtime uncompensated. Loan agents never signed an alternate workweek agreement in compliance with Labor Code Sections 510 and 511. In those cases where loan agents reported working more than 10 hours of overtime on time records in any given pay period, those loan agents would be counseled, warned or disciplined. However, as long as the loan agent did not report the "off the clock" hours worked, Defendant never disciplined, terminated, counseled or warning those loan agents, including Plaintiff, essentially turning a "blind eye" to "off the clock" work, and intentionally developed a policy, practice or procedure for not leaving any physical or digital record of loan agents working "off the clock" so that management and CashCall could later claim ignorance as to the "off the clock" hours worked by loan agents, including Plaintiff.

KIM: CLASS COMPLAINT

17.   Defendant's policy and practice was to subvert and circumvent the laws' requirements that loan agents be paid all overtime worked in excess of 40 hours a week and 8 hours a day.  In any event, loan agents followed an online script called "Methods," processed loan applications on line, used an automated underwriting system to ascertain loan qualifications and which provided various loan packages and programs that loan agents were required to propose to prospective borrowers.  Plaintiff and loan agents were entitled to be paid all overtime compensation under California's wage and hour laws, including *Cal. Labor Code* §§ 510 and 1194.

18.   At all relevant times, Defendant did not afford loan agents, including Plaintiff, proper meal periods, as required by *Cal. Labor Code* §§ 226.7 and 512, along with rest periods.  The loan agents, including Plaintiff, are owed an additional hour of pay at their regular rate for each day they did not take lawful meal or rest periods.

19.   At all relevant times, Defendant has made a practice of deducting amounts from wages earned by or due to loan agents, including Plaintiff, in violation of *Cal. Labor Code* §§ 221-223 and 400-410. The loan agents are entitled to recovery of the unlawfully deducted wages.

20.   Defendant has willfully failed and refused, and continue to fail and refuse, to timely pay wages due for overtime compensation to former loan agents, including Plaintiff, at the conclusion of their employment with Defendant, entitling these former loan agent employees to statutory penalties under *Cal. Labor Code* §§ 201-203.

21.   On or about January 21, 2011, a class action was filed against CashCall, Inc. in the Orange County Superior Court, Complex Civil Center, entitled *Aaron Garcia v. CashCall, Inc., et al.* ("*Garcia*") and assigned Case No. 30-2011-00443224 CU-OE-CXC, alleging unpaid

KIM: CLASS COMPLAINT

wages and overtime wages, meal period premiums, failure to properly itemize wage statements, waiting time penalties, and unfair business practices. That complaint alleged violation of *Cal. Labor Code* §§ 200, 201, 202, 203, 226(a), 510, Industrial Welfare Commission Wage Order 4-2001, and *Cal. Business and Professions Code* § 17200. The Class definition identifies "All current and former loan agents, loan representatives, and other current and former employees who performed the functions of loan agents and loan representatives [of CashCall, Inc.]. (See ¶ 11, *Garcia* Complaint)

22.     On information and belief, prior to January 21, 2011, Defendant CashCall, Inc. did not use a "CashCall Employee Acknowledgement Form" that prospective employees or new hires were required to sign in order to become employed with Defendant CashCall that required arbitration of all employment disputes, a jury trial waiver, required individual arbitration, prohibition of class arbitration, and a further prohibition that barred an employee from serving as a class representative.

23.     On March 7, 2011, Defendant CashCall, Inc. filed its answer to the *Garcia* Class Complaint failing to identify any arbitration agreement, jury trial waiver or class representative bar in any affirmative defense.

24.     During this time period, a similar class action was filed against Defendant CashCall, Inc. entitled *Carlo Smith v. CashCall, Inc.* ("*Smith*") in the Orange County Superior Court and assigned Case No. 30-2011-00476023, also alleging class allegations for wage and hour violations.

25.     On February 3, 2012, the Court consolidated *Smith* case with the *Garcia* case and made the *Garcia* case the lead case.

26.     To reduce its exposure to class action litigation and avoid paying all overtime compensation and other benefits to its non-exempt employees, between January 21, 2011 and August 1, 2011, Defendant

KIM: CLASS COMPLAINT

CashCall, Inc. required new hires to execute CashCall Employee Acknowledgement Forms, as a condition of employment, which required the employee to agree to the following:

(i)    That any dispute or controversy arising out of, relating to, or concerning employment shall be settled by arbitration to be held in Orange County, California, in accordance with the employment dispute resolution rules then in effect with JAMS;

(ii)    That CashCall, Inc. and the employee shall "each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses."

(iii)    That the arbitration clause constitutes a waiver of the employee's right to a jury trial;

(iv)    An acknowledgement as follows:

"I UNDERSTAND AND AGREE THAT ALL DISPUTES INCLUDING ANY CLASS OR REPRESENTATIVE CLAIMS I MAY HAVE AGAINST CASHCALL, ITS OWNERS, MANAGERS, EMPLOYEES AND AGENTS SHALL BE RESOLVED BY BINDING ARBITRATION ONLY ON AN INDIVIDUAL BASIS. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW ME TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION."

27.    Paragraph 3 of the first generation of CashCall Employee Acknowledgement Forms were generated in mid-2011 and remained in effect until the fall of 2012. That form required the "Company and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses."

KIM: CLASS COMPLAINT

28.   The first generation of CashCall Employee Acknowledgement Forms came under fire in the litigation of *Orin Squires v. CashCall, Inc.*, filed in the Orange County Superior Court and assigned Case No. 30-2012-00577899. On September 6, 2012, Judge Kirk Nakamura struck down the CashCall Employee Acknowledgement Form relative to Squires finding that the "Agreement is procedurally unconscionable because it was made a condition of employment (citation omitted) and because it incorporates AAA rules that were not provided to the Plaintiff." The Court further found that having the plaintiff to bear costs and attorney's fees is unconscionable. Ultimately, the Court ruled, "the failure to eliminate the illegal cost-sharing provision from the Agreement evidences, when combined with other unconscionable elements, indicates "a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage."

29.   Between September 6, 2012 and October 29, 2012, Defendant CashCall created its second generation of CashCall Employee Acknowledgement Forms changing the cost sharing provision to reflect that "The Company will pay for all of the costs and expenses of such arbitration," but refusing to budge on using JAMS knowing that the Court had just ruled that not providing a copy of JAMS rules and the limiting features of JAMS' employment procedural rules created an impediment for a plaintiff employee to litigate in that forum and an unfair advantage to Defendant CashCall.

30.   Plaintiff lacks information and belief if he signed the CashCall Employee Acknowledgement form.

31.   It was Defendant CashCall's intent and conscious or reckless disregard of the law at the time of the changed policies and procedures and the implementation of the CashCall Employee Acknowledgement Form to

KIM: CLASS COMPLAINT

1  circumvent the policies and law relative to non-exempt employees and the

2  payment of overtime compensation by requiring new hires to surrender

3  their rights to a jury trial in civil court and to act as a class representative in

4  a civil suit, leaving each employee with only an individual claim in

5  arbitration.  The purpose of such changed policies and procedures was to

6  avoid, directly or indirectly, paying full compensation due and owing to

7  Plaintiff and other loan agents, by defeating future class litigation and

8  fragmenting all claims into individual ones.  The effect of such unlawful

9  and surreptitious changed policies and procedures was to make it difficult,

10  unfeasible or overly burdensome for an individual and groups of employees

11  to bring an action for the claims set forth in this pleading, and each of

12  them.

13      32.    On or about March 24, 2010, the United States Department of

14  Labor, Wage and Hour Division, issued Administrator's Interpretation No.

15  2010-1 and concluded, "[b]ased upon a thorough analysis of the relevant

16  factors, the Administrator has determined that mortgage loan officers who

17  perform the typical duties described above have a primary duty of making

18  sales for their employers, and, therefore, do not qualify as bona fide

19  administrative employees exempt under Section 13(a)(1) of the Fair Labor

20  Standards Act, 29 *U.S.C.* § 213(a)(1)."

21      33.    At the time Defendant CashCall, Inc. promulgated the

22  changed policies and procedures, including the implementation of the

23  CashCall Employee Acknowledgement Form, the administrative

24  regulations treated mortgage loan officers and other loan officers as non-

25  exempt.  Defendant CashCall, Inc. knew or should have reasonably known

26  this Administrative Interpretation No. 2010-1.

27      34.    The changed policies and procedures, including the

28  implementation of the CashCall Employee Acknowledgement Form, were

KIM: CLASS COMPLAINT

1  used to violate the Fair Labor Standards Act, the California Labor Code

2  and the DOL Administrative Interpretation No. 2010-1, as well as the

3  public policies that support these enactments.

4        35.    Given that the changed policies and procedures, including the

5  implementation and the requirement that new hires sign the CashCall

6  Employee Acknowledgement Forms as a condition of employment, the

7  CashCall Employee Acknowledgement Form constitutes an unlawful

8  contract in violation of *Cal. Civil Code* § 1667 (1) as "contrary to an

9  express provision of law" and *Cal. Civil Code* § 1667 (2) as "contrary to

10 the policy of express law, though not expressly prohibited."

11       36.    Additionally, the CashCall Employee Acknowledgement

12 Form was such a contract, which had for its object, directly or indirectly, to

13 exempt Defendant CashCall from responsibility for its willful injury to the

14 person or property (wages) of another, and the violation of law, whether

15 willful or negligent, as against the policy of the law.  See *Cal. Civil Code* §

16 1668.

17       37.    As part of Defendant CashCall's changed policies and

18 procedures, Defendant CashCall presented the CashCall Employee

19 Acknowledgement Form to new hires, failing to inform new hires of the

20 substance of the Form as waiving a jury trial right, a civil action, and the

21 right to act as a class representative in any employment dispute, including

22 wage and hour violations.  The Form was hidden in groups of papers that

23 new hires were required to sign as part of the "employment documents"

24 without providing the employees sufficient time to review the

25 documentation or to provide them an opportunity to consult an attorney as

26 to what they were signing, nor did Defendant CashCall provide any form of

27 explanation as to the waivers and acknowledgement.

28

KIM: CLASS COMPLAINT

38.    The CashCall Employee Acknowledgement Form was unlawful and procedurally and substantively unconscionable under *Cal. Civil Code* § 1670.5. As a result, the Acknowledgement Form is unenforceable. The CashCall Employee Acknowledgement Form violated Sections 7 and 8 of the NLRA by barring, prohibiting and preventing CashCall's loan agents from engaging in "concerted activity" to pursue legal action to protect their rights to mutual aid and protection as afforded under NLRA through waiver of those rights and then compelling CashCall's loan agents to "separate proceedings" by only permitting individual action in place and instead of class, collective and/or representative actions.

39.    The CashCall Employee Acknowledgement Form allows CashCall's unlawful activity to hide behind the confidential nature of arbitration through JAMS, whose rules limits discovery and deposition. Under JAMS, Rule 17, absent an agreement by the parties to the contrary or an order from the arbitrator, Plaintiff is only entitled to one deposition; whereas, there is no limitation on the number of depositions that can be taken at the Superior Court level and a 10-deposition limit at the Federal level. The limitation on the number of depositions works to the advantage of the Defendant who has better access to witnesses and documents; whereas, employees are required to take depositions to succeed with their wage and hour and discrimination cases. Leaving it up to the discretion of an arbitrator or agreement of the parties reduces Plaintiff's equal access to discovery and investigation and cripples his chances of success based upon the inherent flaws in JAMS arbitration process in the context of proving his alleged claims.

40.    Plaintiff hereby give notice through the service of this complaint that if he had executed said CashCall Employee

KIM: CLASS COMPLAINT

Acknowledgement Form, that he now rescinds the CashCall Employee Acknowledgement Form, and each term set forth therein, because it is unlawful, a violation of public policy, and procedurally and substantively unconscionable in accordance with *Cal. Civil Code* § 1689.

41.    If Plaintiff signed the CashCall Employee Acknowledgement Form, there is no clear and unmistakable evidence that Plaintiff agreed to arbitrate all employment disputes, waiving their rights to a jury trial, civil trial, and to act an class representatives in a collective or class action. Plaintiff did not have a say in or participated in negotiating the CashCall Employee Acknowledgement Form.  It was solely created by Defendant CashCall and its attorneys.  There was no equal bargaining position or mutuality of the agreement.  Thus, the Acknowledgement Form was an "adhesion contract."

42.    The CashCall Employee Acknowledgement Form was a standardized contract that Plaintiff had no ability to negotiate or adequate time to review before signing.  Defendant CashCall had a superior bargaining position.

## VI.   CLASS ACTION ALLEGATIONS

43.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs above as though fully set forth herein.

44.    In  addition  to  Plaintiff's  individual  and/or  non-class representative claims, Plaintiff Murray seeks certification of a class or any appropriate subclass under *F.R.C.P.* Rule 23 for each California state claim alleged herein, and therefore alleges as follows:

45.    Ascertainable Class:

All current or former non-exempt loan agents of Defendant CashCall, Inc. in the State of California who were not paid all overtime compensation in violation of *Cal. Labor Code* §§

KIM: CLASS COMPLAINT

510 (a) and 1194 from the applicable statute of limitations period up to and including trial for this matter. ("Plaintiff Class No. 1")

All current or former non-exempt loan agents of Defendant CashCall, Inc. in the State of California who were not relieved of all duties for a first meal period during or after 5 hours of work and or a second meal period during or after 10 hours of work, and who were not compensated with one hour of pay for each instance any time during their employment with Defendant from the applicable statute of limitations period up to and including trial for this matter. ("Plaintiff Class No. 2")

All current or former non-exempt loan agents of Defendant CashCall, Inc. in the State of California who have not been provided accurate itemized wage statements in violation of California Labor Code and applicable wage orders during any time from the applicable statute of limitations period up to and including the time of trial for this matter. ("Plaintiff Class No. 3")

All current or former non-exempt loan agents of Defendant CashCall, Inc. in the State of California from whom Defendant collected, received, or shared in wages belonging to the employee in violation of California Labor Code sections 221, 350 and 351 from the applicable statute of limitations period up to and including trial in this matter. ("Plaintiff Class No. 4")

All current or former non-exempt loan agents of Defendant CashCall, Inc. who were not provided timely payments of all final wages upon separation of employment with Defendant in violation of California Labor Code sections 201, 202, and 203 from the applicable statute of limitations period up to and including trial in this matter. ("Plaintiff Class No. 5")

All current or former non-exempt agents of Defendant CashCall, Inc. who were required to execute a CashCall Employee Acknowledgement Form, whereby they waived their rights to a representative capacity in a class or collective action as a condition of employment or continued employment. ("Plaintiff Class No. 6")

KIM: CLASS COMPLAINT

46.     Alternatively, Plaintiff seeks certification of any subclass of the above-mentioned claims, and each of them, during the applicable statute of limitations period, including but not limited to, a) each Defendant, b) each Plaintiff Class, subclass or team of loan agents, c) each claim, and/or d) a liability only class consisting of 1) each and/or every Plaintiff Class or subclass, and/or 2) each and every predominate common issue of fact and/or law, as deemed appropriate (collectively, "Plaintiff Subclasses").

47.     Numerosity:     The exact number of members of the class, as hereinabove identified and described, is not known, but it is estimated that there are not less than 500 putative class members as similarly situated loan agents who worked at CashCall during the relevant statute of limitations period.   The class is so numerous that joinder of individual members herein is impracticable.

48.     Commonality: There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class, namely the acts, representations and/or omissions of material facts by Defendant concerning the execution of the CashCall Employee Acknowledgement Form and the payment of wages, and other such issues alleged herein. The substance of these acts, representations and/or omissions of material fact, disseminated to and/or concealed from the class members, are common facts that violate, inter alia, the federal and state wage/hour laws as alleged herein.  Questions of law or fact exist arising from the execution of the CashCall Employee Acknowledgement Form and the payment of wages.  Such questions are common to all class members and predominate over any questions affecting only individual members of the class.  The myriad of questions of

KIM: CLASS COMPLAINT

law or fact common to the class includes, *inter alia*:

    (a)    Whether CashCall has policies, procedures and practices that are standardized and apply to all of its non-exempt California loan agent employees.  Accordingly, all of the California Labor Code violations described below were uniform among each and every location in California.  In other words, all of the California Labor Code violations were violated the exact same way.

    (b)    Whether Defendant violated California Industrial Welfare Order Nos. 4-98, and 4-2000, and/or 4-2001 and *Cal. Labor Code* §§ 510 and 1194 by failing to pay overtime compensation to loan agents who worked in excess of 40 hours per week and/or eight (8) hours a day.

    (c)    Whether Defendant violated *Cal. Business and Professions Code* §17200 by failing to pay overtime compensation to loan consultants who worked in excess of forty (40) hours per week and/or eight (8) hours a day.

    (d)    Whether Defendant violated California Industrial Welfare Order 4-2000 and/or 4-2001 and *Cal. Labor Code* §§ 226.7 and 512 by failing to afford loan agents proper meal and rest periods.

    (e)    Whether Defendant violated *Cal. Business and Professions Code* §17200 by failing to afford account executives proper meal and rest periods.

    (f)    Whether Defendant violated *Cal. Labor Code* §§ 226, 226.3, and 1174 by failing to keep accurate records of employees' hours of work.

    (g)    Whether Defendant violated *Cal. Labor Code* §§ 221-223 and 400-410 by making unlawful deductions from wages earned by or due to loan consultants.

KIM: CLASS COMPLAINT

1    (h)    Whether Defendant violated *Cal. Business and Professions*

2    *Code* §17200 by making unlawful deductions from wages earned by or

3    due to loan consultants.

4    (i)    Whether Defendant violated *Cal. Labor Code* §§ 201-203 by

5    failing to pay overtime wages due and owing at the time that Plaintiff and

6    Class Members' employment with Defendant terminated.

7    (j)    Whether Defendant violated *Cal. Business and Professions*

8    *Code* §17200 by failing to pay overtime wages due and owing at the time

9    that Plaintiff and Class Members' employment with Defendant terminated.

10    (k)    Whether Defendant violated by failing "provide" (i.e.,

11    "authorize and permit") meal and rest periods as required by *Cal. Labor*

12    *Code* §§ 226.7, 512, and 516.

13    (l)    Whether Defendant violated *Cal. Business and Professions*

14    *Code* §17200 by failing to "provide" meal and rest periods to Plaintiff and

15    Class Members' employment.

16    (m)    Whether Defendant utilized a meal and rest break policy that

17    violated the parameters of *Brinker Restaurant Group v. Superior Court*

18    (2012) 53 Cal.4th 1004 by engaging in a policy of "rolling 5-hour rule"

19    and/or requiring loan consultants to work at their desks during rest and

20    meal periods.

21    (n)    Whether the CashCall Employee Acknowledgement Form is

22    illegal, unconscionable and, therefore, unenforceable;

23    (o)    Whether the class members have been damaged and, if so,

24    what is the proper measure of damages;

25    (p)    Whether Defendant has been unjustly enriched as a result of

26    its conduct alleged herein; and

27    (q)    Whether the class members are entitled to any equitable,

28    injunctive and/or declaratory relief, and the scope of such relief.

KIM: CLASS COMPLAINT

1       (r)    Whether the CashCall Employee Acknowledgement Form

2   violated Sections 7 and 8 of the NLRA;

3       (s)    Whether the CashCall Employee Acknowledgement Form

4   must be rescinded because it is illegal, unconscionable, and/or

5   unenforceable, where consent cannot be given and thus any waiver of

6   collective, class or representative actions are violated of Congressional

7   intent and national policy underlying the NLRA.

8       49.    <u>Typicality:</u>  Plaintiff' claims are typical of the claims of the

9   Class.  Plaintiff and all members of the Class sustained injuries and

10  damages arising out of and caused by Defendant' common course of

11  conduct in violation of law as alleged herein.

12      50.    <u>Adequacy of Representation:</u>   Plaintiff resides and was

13  employed by CashCall in California at all relevant times, and is an

14  adequate representative of the Plaintiff Class and/or Plaintiff Subclasses as

15  he has no interests that are adverse to the interests of absent class members

16  with respect to this action, or with respect to the claims for relief herein set

17  forth.

18      51.    The attorneys for Plaintiff are experienced and capable in

19  litigation in the field of wage and hour and class litigation and have

20  successfully represented claimants in other litigation of this nature, and will

21  actively conduct and be responsible for Plaintiff's case herein.

22      52.    <u>Superiority of Class Action:</u>   A class action is maintainable

23  and superior to other available methods for the fair and efficient

24  adjudication of the controversy for the parties and the judicial system, in

25  that:

26      (a)    The costs of prosecuting the action individually will exceed

27  the costs for prosecuting the case as a class action; class certification will

28  obviate the necessity of multiplicity of claims;

KIM: CLASS COMPLAINT

1    (b)    There is a desirability of concentrating the litigation of the

2    claims and/or issues in this forum to protect California employees;

3    (c)    Each Class Member has been damaged and is entitled to

4    recovery by reason of Defendant's illegal policies and/or practices of

5    permitting, encouraging, and/or requiring loan consultants to work in

6    excess of forty (40) hours per week and/or eight (8) hours per day, without

7    paying overtime compensation, failing to provide proper meal periods, and

8    making unlawful deductions from wages..

9    (d)    Unification of common questions of fact and law into a single

10    adjudication by this court will reduce the likelihood and/or risk of

11    inconsistent rulings, opinions, and decisions;

12    (e)    Adjudications with respect to individual members of the class

13    which would as a practical matter be dispositive of the interests of the other

14    members not parties to the adjudications or substantially impair or impede

15    their ability to protect their interests; and

16    (f)    Class action treatment will permit a large number of similarly

17    situated persons to prosecute their common claims and issues in a single

18    forum simultaneously, efficiently, and without the unnecessary duplication

19    of effort and expense that numerous individual actions would engender.

20    53.    Plaintiff further alleges that a class action is superior for the

21    fair and efficient adjudication of this dispute.  Because of the nature of the

22    misrepresentations, acts and/or omissions of material facts by Defendant

23    concerning the CashCall Employee Acknowledgment Form and policies

24    and procedures involving working of the clock, most loan agents will not

25    realize they have a claim.  A class action is therefore essential to prevent a

26    failure of justice.  Even if a loan agent did realize the existence of wage and

27    hour claims against CashCall, the size of the claims involved does not

28    warrant individual litigation of the magnitude and complexity necessary to

Page 22

KIM: CLASS COMPLAINT

challenge Defendant's unlawful conduct. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

54.  <u>Notice to Proposed Class Members:</u>  Plaintiff is informed and believes that Defendant has computer access to a list of the names and addresses of all class members who worked as loan agents and sufficient record keeping to determine the hours worked and not compensated for. The nature of notice to the proposed class contemplated will be through email and/or direct mailing to CashCall's lists of similarly situated loan agents, if available, internet website posting, and/or publication. Plaintiff can contemplate that a third party administrator, such as CPT group, could be appointed to handle notice issues to class members. The costs of the third party administrator will be borne by Defendant CashCall, Inc., including any skip traces as to returned notices or no contact with certain class members.

55.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. Unpaid wages and other damages or restitutionary relief may be made or disgorged into a fluid recovery fund and/or distributed to each class member by making a claim therefor.

//

//

KIM: CLASS COMPLAINT

## FIRST CAUSE OF ACTION

### Unlawful Failure to Pay Required Overtime

### (*Cal. Labor Code §§ 510 and* 1194 against all Defendant)

56.    Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57.    By their failure to pay overtime compensation as alleged above, Defendant has violated and continue to violate the provisions of *Cal. Labor Code* §§ 510 and 1194, which require overtime compensation to non-exempt employees.

58.    By failing to keep accurate time records required by *Cal. Labor Code §§ 226, 226.3,* and *1174(d),* Defendant has made it difficult to calculate the overtime compensation due Plaintiff and the other similarly situated loan agents, although Plaintiff is informed and believes that Defendant has time records of the actual time loan agents "timed-in" and "timed-out" and other records to show Defendant knew or should have known how many hours loan agents, including Plaintiff, actually worked during their entire employment period.

59.    Plaintiff requests relief as described below.

## SECOND CAUSE OF ACTION

### Unlawful Failure to Provide Adequate Meal Periods

### (*Cal. Labor Code §§ 226.7, 512;* against all Defendant)

60.    Plaintiff hereby incorporates by reference Paragraphs 1 through 59 above as though fully set forth herein.

61.    Loan agents, including Plaintiff, regularly work in excess of five (5) and ten (10) hours a day without being afforded at least half-hour meal periods in which they were relieved of all duties, as required by *Cal. Labor Code §§ 226.7 and 512.*

KIM: CLASS COMPLAINT

62.     Because Defendant failed to afford proper meal and rest periods, they are liable to Plaintiff and other similarly situated loan agents for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to *Cal. Labor Code §226.7*.

63.     Plaintiff requests relief as described below.

### THIRD CAUSE OF ACTION

**Unlawful Deductions from Wages Earned by Employees**

***(Cal. Labor Code §§ 221-223 and 400-410 against all Defendant)***

64.     Plaintiff hereby incorporates by reference Paragraphs 1 through 63 above as though fully set forth herein.

65.     *Cal. Labor Code §§ 221-223 and 400-410* make it unlawful for an employer to make deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or by the culpable negligence of the employees.

66.     Defendant has made and continues to make unlawful deductions from loan agents' wages, including Plaintiff, for business losses that were not caused by any dishonest or willful acts or culpable negligence on the part of the loan agents. One of the primary reasons for the deductions was to punish loan agents for working in excess of 10 hours of overtime a work.  As a result, Defendant is liable to Plaintiff and other similarly situated loan agents for the amounts unlawfully deducted.

67.     Plaintiff requests relief as described below.

### FOURTH CAUSE OF ACTION

**Unfair Competition**

***(Cal. Bus. & Prof. Code §§ 17200-17208 against all Defendant)***

68.     Plaintiff incorporates Paragraphs 1 through 67 as though fully set forth herein.

Page 25

KIM: CLASS COMPLAINT

69.    Defendant' failure to pay legally required overtime compensation under the Wage Orders and under *Cal. Labor Code §§ 201-202, 510 and 1194,* failure to provide legally required meal periods, failure to keep proper time records under *Cal. Labor Code §1174,* and practice of making unlawful deductions from the Plaintiff and loan agents' wages in violation of *Cal. Labor Code §§221-223 and 400-410,* as alleged above, constitute unlawful activity prohibited by *Cal. Business and Professions Code §17200.*

70.    Additionally, Defendant CashCall engaged in an unfair, unlawful and fraudulent policy, practice or procedure of having Plaintiff and other similarly situated loan agents sign the CashCall Employee Acknowledgement Form as a condition of employment.

71.    Additionally, Defendant CashCall engaged in an unfair, unlawful and fraudulent policy, practice or procedure of luring unsuspecting consumers into unregulated personal loans, where interests rates were not statutorily imposed, so that consumers could be charged any interest rate CashCall saw fit. In some cases, CashCall would charge up to 179% interest on loans in excess of $2,500.

72.    Defendant would routinely advertise loans of up to $2,600, but when customers called or went to CashCall's website, they were told that CashCall did not make loans less than $2,600.

73.    CashCall's website advertises the following interest rates on certain personal loans as follows as of June 20, 2014:

| Loan Product | Loan Fee | MAX APR | Number of Payments | Payment Amount |
|---|---|---|---|---|
| $25,000 | $75 | 35.87 % | 120 months | $767.44 |
| $10,000 | $75 | 99.75 % | 84 months | $826.06 |
| $5,075 | $75 | 116.73 % | 84 months | $486.58 |

KIM: CLASS COMPLAINT

| Loan Product | Loan Fee | MAX APR | Number of Payments | Payment Amount |
|---|---|---|---|---|
| $2,600 | $75 | 139.13 % | 47 months | $294.46 |

74.     Under the California Finance Lenders Law, CashCall could not charge more than 30% on loans up to $2,500. See *Cal. Financial Code* §§ 22302-22304.

75.     *Cal. Financial Code § 22302* provides that "a loan found to be unconscionable pursuant to Section 1670.5 of the Civil Code shall be deemed to be in violation of this division and subject to the remedies specified in this division."

76.     *Cal. Financial Code § 22303* regulates interest rates on loans up to $2,500.  As *Section 22303* provides: "Every licensee who lends any sum of money may contract for and receive charges at a rate not exceeding the sum of the following:

(a)     Two and one-half percent per month on that part of the unpaid principal balance of any loan up to, including, but not in excess of two hundred twenty-five dollars ($225).

(b)     Two percent per month on that portion of the unpaid principal balance in excess of two hundred twenty-five dollars ($225) up to, including, but not in excess of nine hundred dollars ($900).

(c)     One and one-half percent per month on that part of the unpaid principal balance in excess of nine hundred dollars ($900) up to, including, but not in excess of one thousand six hundred fifty dollars ($1,650).

(d)     One percent per month on any remainder of such unpaid balance in excess of one thousand six hundred fifty dollars ($1,650).

KIM: CLASS COMPLAINT

1   This section does not apply to any loan of a bona fide principal

2   amount of two thousand five hundred dollars ($2,500) or more as

3   determined in accordance with Section 22251.

4   77.   *Cal. Financial Code § 22304* provides: "As an alternative to

5   the charges authorized by Section 22303, a licensee may contract for and

6   receive charges at the greater of the following:

7   (a)   A rate not exceeding 1.6 percent per month on the

8   unpaid principal balance.

9   (b)   A rate not exceeding five-sixths of 1 percent per month

10  plus a percentage per month equal to one-twelfth of the annual rate

11  prevailing on the 25th day of the second month of the quarter preceding the

12  quarter in which the loan is made, as established by the Federal Reserve

13  Bank of San Francisco, on advances to member banks under Sections 13

14  and 13a of the Federal Reserve Act, as now in effect or hereafter from time

15  to time amended, or if there is no single determinable rate for advances, the

16  closest counterpart of this rate as shall be determined by the Commissioner

17  of Financial Institutions. Charges shall be calculated on the unpaid

18  principal balance.

19  (c)   This section does not apply to any loan of a bona fide

20  principal amount of two thousand five hundred dollars ($2,500) or more as

21  determined in accordance with Section 22251.

22  78.   Plaintiff and loan agents were informed and compelled to push

23  customers into personal loans in excess of $2,500 so that the unregulated

24  interest rates would be applied.  Many customers who were applying for

25  loans less than $2,500 were lured into higher loans in excess of $2,500

26  subject to CashCall's severely higher interest rates.

27  79.   Such conduct was fraudulent, unlawful and unfair to

28  customers who were unaware of the California Finance Lenders Laws and

KIM: CLASS COMPLAINT

1    regulated interest rates for loans up to $2,500.  Had they been informed of

2    such interest restrictions, customers would have been better informed and

3    opted for a loan of up to $2,500.

4         80.    As a result of their unlawful acts, Defendant has reaped and

5    continue to reap unfair benefits and illegal profits at the expense of Plaintiff

6    and other similarly situated loan agents. Defendant should be enjoined

7    from this activity and made to disgorge these ill-gotten gains and restore to

8    Plaintiff and other similarly situated employees the wrongfully withheld

9    wages and related waiting time penalties, pursuant to *Cal. Business and*

10   *Professions Code §17203.*

11        81.    Plaintiff requests relief as described below.

12   <u>**FIFTH CAUSE OF ACTION**</u>

13   **Violation of Fair Labor Standards Act**

14   ***(29 U.S.C. §§ 207(a) and 216(b) against all Defendant)***

15        82.    Plaintiff hereby incorporates by reference Paragraphs 1

16   through 81 above as though fully set forth herein.

17        83.    Plaintiff brings this individual and collective claim to recover

18   overtime compensation, interest, liquidated damages, attorney's fees, and

19   costs, under the provisions of Section 16(b) of the Fair Labor Standards

20   Act of 1938, as amended (29 *U.S.C.* §216(b)), hereinafter referred to as the

21   ACT.

22        84.    As a proximate result of the violations of the FSLA, Plaintiff

23   seeks the recovery of all unpaid overtime compensation, back pay, an equal

24   amount of liquidated damages, injunctive relief, interest and attorney's fees

25   pursuant to *29 U.S.C. §216(b).*  Liquidated damages equal to the amount of

26   the wages due must be awarded for FSLA violation unless the employer

27   proves that it acted in good faith and had reasonable ground to believe its

28   conduct did not violate FSLA. <u>*29 U.S.C. Sections 216(b)* and *260.*</u>

KIM: CLASS COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and all other similarly situated employees requests the following relief:

A.     That the Court determines that the federal claim alleged herein for violation of the FLSA, may be maintained as a collective action under 29 *U.S.C.* §216(b);

B.     That the Court determines that each California state claim alleged herein, may be maintained as a class action under *F.R.C.P.* Rule 23;

C.     That the Court declares that Defendant has violated the overtime provisions of 29 *U.S.C.* §207 (a) as to the Plaintiff and all other similarly situated employees;

D.     That the Court declares that Defendant has violated the overtime provisions of *Cal. Labor Code* §§ 510 *and* 1194 as to the Plaintiff and all other similarly situated employees;

E.     That the Court declares that Defendant has violated the record-keeping provisions of *Cal. Labor Code* §1174 (d) as to Plaintiff and all other similarly situated employees;

F.     That the Court declares that Defendant has violated *Cal. Labor Code* §§ 226.7, 512 by failing to afford Plaintiff and all other similarly situated employees adequate meal periods;

G.     That the Court declares that Defendant has violated *Cal. Labor Code* §§ 211-223 and 400-410 by making unlawful deductions from wages earned by or due to the Plaintiff and all other similarly situated employees;

H.     That the Court declares that Defendant has violated *Cal. Labor Code* §§ 201, 202 and 203 for willful failure to pay all compensation

KIM: CLASS COMPLAINT

owed at the time of termination of employment to Plaintiff and all other similarly situated employees;

I. That the Court declares that Defendant has violated *Cal. Business and Professions Code* §17200 by failing to pay Plaintiff and all other similarly situated employees overtime compensation, by failing to keep proper time records, by failing to afford Plaintiff and all other similarly situated employees adequate meal and rest periods, and by making unlawful deductions from the wages of Plaintiff and all other similarly situated employees;

J. That the Court declares that Defendant' violations as described above are found to have been willful;

K. That the Court award to Plaintiff and all other similarly situated employees damages and/or restitution for the amount of unpaid overtime compensation, unpaid compensation for meal and rest periods and unlawful deductions, including interest thereon, liquidated damages and penalties, in an amount in excess of $6,000,000, the exact amount to be ascertained at time of trial or default prove-up.

L. That Defendant further be enjoined to cease and desist from unfair, deceptive and unlawful activities in violation of *Cal. Business and Professions Code* § 17200;

M. That Plaintiff be awarded reasonable attorneys' fees and costs pursuant to *Cal. Labor Code* §§ 218.5, 558, and 1194, *Cal. Code of Civil Procedure* §1021.5, under 29 *U.S.C.* § 216(b,) and/or other applicable law;

N. That the Court rescind, revoke, invalidate, and declare that the CashCall Employee Acknowledgement Forms in effect between January 21, 2011 through the present are unenforceable, illegal, unconscionable, and unlawful in violation of law or the public policy in support of the law.

KIM: CLASS COMPLAINT

1    O.    That Plaintiff and/or other class/collective members be granted

2 such other declaratory and/or further relief as the court may deem just and

3 proper.

4

5 DATED:  January 16, 2017          /s/  Dale M. Fiola

6                                   DALE M. FIOLA
                                    Attorney for Plaintiff JOHNNY
7                                   KIM and similarly situated
                                    employees
8

9

10

11

12

13                     **DEMAND FOR JURY TRIAL**

14          Plaintiff hereby demands for himself and similarly situated

15 employees a trial by jury on all claims.

16 DATED:  January 16, 2017          /s/  Dale M. Fiola

17                                   DALE M. FIOLA
                                    Attorney for Plaintiff JOHNNY
18                                   KIM and similarly situated
                                    employees
19

20

21

22

23

24

25

26

27

28

KIM: CLASS COMPLAINT