**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-00076-DOC                     Date:  June 11, 2021

Title: JOHNNY KIM V. CASHCALL, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman for Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING CLAIMANT'S
MOTION TO ENFORCE ARBITRATION
AWARD [38]

        Before the Court is Petitioner Johnny Kim's Motion to Confirm Arbitration Award
("Motion") (Dkt. 38). The Court finds this matter appropriate for decision without oral
argument. Fed. R. Civ. P. 78; Local Rule 7-15. After reviewing the papers, the Court
**GRANTS** the Motion to Enforce Arbitration Award.

I.       **Background**

        The facts regarding the underlying dispute and the parties' arbitration proceedings
are discussed in detail in Petitioner's Application for Confirmation of Arbitration Award
(Dkt. 38). On January 16, 2017, Petitioner had filed a suit on behalf of all other similarly
situated employees against Respondent for alleged individual, class, and collective claims
of unpaid overtime wages, inadequate meals periods, and violations of California
Business & Professional Code §§17200-17208.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-00076-DOC-DFM                                    Date: June 10, 2021
                                                                        Page 2

On August 14, 2018, the Court ordered all of Petitioner's asserted claims to final and binding arbitration on an individual, non-class, and non-collective basis. Mot. at 3. On or about January 12, 2021, the parties executed a Confidential Settlement Agreement and General Release that resolved Petitioner's claims in arbitration. *Id.* Petitioner proceeded to file a motion for attorneys' fees and costs. *Id.* On April 8, 2021, the Arbitrator issued Plaintiff an Award of 1) $294,869 in total principal attorney fees and 2) $2,719 in the total principal amount of costs and expenses. *Id.* at 3-4. The total principal attorney fees are to be distributed in three ways: $79,783 to attorney Dale M. Fiola, $4,680 to attorney William M. Crosby, and $210,406 to attorney Mark A. Boling. *Id.* The total principal amount of costs and expenses are to be made payable and distributed to attorney Dale M. Fiola. *Id.* at 4.

## II.    Procedural History

On May 14, 2021, Petitioner filed a Petition in this Court to confirm the arbitration award ("Award"). Motion (Dkt. 38). On May 24, 2021, Respondent filed an opposition to the petition. Opposition (Dkt. 40). On May 30, 2021, Petitioner replied. Reply (Dkt. 46).

## III.   Legal Standard

Under the Federal Arbitration Act,

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Arbitration Act].

9 U.S.C. §9.

"A motion to confirm an arbitration award is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Hannibal Pictures v. Les Films de l'Elysee*, No. CV 12-6434 CAS JCGX, 2012 WL 6608595, at *2 (C.D. Cal. Dec. 18, 2012) (internal quotation marks

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-00076-DOC-DFM                    Date: June 10, 2021
                                                                    Page 3

omitted). "The [Federal Arbitration Act] gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs.*, Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). The party seeking to vacate an award bears the burden of establishing grounds to vacate. *U.S. Life Ins. v. Super. Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). "[M]otions to vacate will be granted only in very unusual circumstances to prevent arbitration from becoming merely a prelude to a more cumbersome and time-consuming judicial review process." *In re Sussex*, 781 F.3d 1065, 1072 (9th Cir. 2015) (internal quotations omitted).

An award can be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a).

Arbitrators may exceed their powers if the final award is "completely irrational" or if they express a "manifest disregard of the law." 9 U.S.C. §10(a)(4); *Comedy Club, Inc. v. Improv West Associations* (9th Cir. 2009), 533 F.3d 1277, 1288.

## IV.    Discussion

### A. Arbitration Award

Plaintiff moves to confirm the arbitrator's award of $297,588. Respondent opposes the Petition, urging that the Award be vacated or, alternatively, corrected, because the Arbitrator exceeded his powers by (1) awarding all pre-arbitration fees sought and (2) failing to scrutinize whether Petitioner's requested fees and costs were unreasonable, excessive, and unnecessary. Opp'n at 8, 19. Respondent argues that the resulting Award is "completely irrational" and a "manifest disregard of the law." *Id.* at 9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-00076-DOC-DFM                                  Date: June 10, 2021
                                                                Page 4

### B.  The Settlement Agreement Authorizes the Award

Respondent asserts that it had expressly objected to Petitioner's recovery of pre-arbitration fees in the Settlement Agreement. *Id.* 5. Given this unequivocal statement, Respondent argues that Arbitrator had exceeded his powers by awarding pre-arbitration fees. *See Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662, 663 (2010) ("[An] arbitrator exceed[s] his powers . . . 'when [an]' arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice.'") (internal citations omitted).

Respondent further asserts that the Award is correspondingly completely irrational, because it "fails to draw its essence from the agreement." *Comedy Club*, 533 F.3d at 1288 (citing *Hoffman v. Cargill, Inc.*, 236 F.3d 458, 461-62 (8th Cir. 2001)). The Award draws its essence from the agreement if it is "derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Bosack v. Soward*, 586 F.3d 1096 (9th Cir. 2009). Respondent argues that the Arbitrator failed to consider Respondent's clear objection to Petitioner's recovery of pre-arbitration fees in not only the Settlement Agreement, but also settlement negotiations and multiple Offers to Compromise. Opp'n at 11. Since the Arbitrator awarded pre-arbitration fees, Respondent argues that the Award is a manifest disregard of the law and is completely irrational for not drawing its essence from the Agreement and should therefore be vacated. 9 U.S.C. §10(a)(4).

Petitioner disagrees, arguing that while the Respondent expressly objected to the recovery of pre-arbitration fees in the Settlement Award, the Settlement Award itself stated that "'reasonable attorneys' fees and costs incurred pre-settlement' were recoverable." Reply at 2. Additionally, Petitioner asserts that the intention of the parties before executing the Settlement Agreement did not exclude the issue of pre-arbitration fees. *Id.* Petitioner points to emails between Petitioner's and Respondent's counsels, which confirm that pre-arbitration attorneys' fees were included in the settlement subject to Respondent's opposition to their recovery. *Id.* at 3. Given that the recovery of pre-arbitration fees is recoverable under the Settlement Agreement, Petitioner argues that the "'legal propriety of pre-arbitration fee recovery is left to the arbitrator.'" *Id.* at 2. This is further supported by Respondent's counsel's email that deciding the appropriateness of the pre-arbitration fees should be "'made by the arbitrator.'" *Id.* at 3. The Petitioner argues that as a result, the Award does draw its essence from the Agreement, since the Agreement does not specifically exclude pre-arbitration fees. *Id.* at 8.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-00076-DOC-DFM                                      Date: June 10, 2021
                                                                            Page 5

The Court agrees with the Petitioner and finds that the Settlement Agreement authorizes the Award. Despite Respondent's express objection to the recovery of pre-arbitration fees, the Settlement Agreement executed between the parties does allow for such recovery. Additionally, the Arbitrator also found that fees can be recovered from not only the arbitration proceeding, but also the parties' entire dispute, including pre-settlement. *Id.* at 2. Courts give a "nearly unparalleled degree of deference" to the arbitrator's decision, and must also defer to the arbitrator's legal conclusions unless the arbitrator has manifestly disregarded the law. *Stead Motors v. Auto. Machinists*, 886 F.2d 1200, 1205 (9th Cir. 1989); *see American Postal Workers Union AFL-CIO v. United States Postal Service*, 682 F.2d 1280, 1284 (9th Cir. 1982). For a manifest disregard to exist, "it must be clear from the record that an arbitrator recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). Here, the Arbitrator has not manifestly disregarded the law in recognizing that the Settlement Agreement allows for pre-arbitration fees. It is not evident from the record that the Arbitrator recognized an applicable provision of law and then proceeded to ignore it. Therefore, the Court defers to the Arbitrator's decision and finds that the Settlement Agreement authorizes the Award. The Arbitrator is not exceeding the scope of his powers by awarding pre-arbitration fees since it draws its essence from the Agreement.

## C. The Arbitrator Properly Scrutinized Petitioner's Requested Fees and Costs

Respondent argues that the Arbitrator failed to properly scrutinize whether petitioner's requested fees and costs were unreasonable, excessive, and unnecessary, because the Arbitrator awarded nearly all of the Petitioner's requested fees. Opp'n at 15. In particular, Arbitrator awarded Petitioner its request for attorneys' fees to include all of Attorney Boling's fees. Mot. at 3-4. Respondent objects to this award of all of Attorney Boling's fees because Attorney Boling disassociated and withdrew as counsel before the first scheduling conference in the arbitration. Opp'n at 16. Respondent argues that Petitioner accordingly should not be awarded attorneys' fees that include all of Attorney Boling's fees. *See also Faerber v. Hyde Law Corp.* No. A090311, 2002 WL 44422, at *10 (Cal. Ct. App. Jan. 14, 2002) (holding that the attorney had withdrawn before the settlement agreement and the fee agreement barred him from receiving any fees).

Petitioner responds that Attorney Boling's fees were properly awarded because his hours were almost all for pre-arbitration work, which has been established as a recoverable time period. Reply at 3. Petitioner adds that Attorney Boling also provided professional legal assistance to the lead counsel, Attorney Fiola, on an as-needed basis.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-00076-DOC-DFM                                         Date: June 10, 2021
                                                                        Page 6

*Id.* at 3-4. Petitioner points out that recovery of such attorney fees was not waived or barred by the Settlement Agreement. *Id.* at 4.

The Court holds that the Arbitrator properly awarded Petitioner its request for attorneys' fees to include all of Attorney Boling's fees. Attorney Boling was counsel of record for Petitioner at the time his fees were generated in the district court case. *Id.* at 4. Since the Settlement Agreement allows for pre-arbitration fees, Attorney Boling's fees are recoverable. Furthermore, although Attorney Boling disassociated and withdrew as counsel, he continued to provide legal assistance on an as-needed basis, and is therefore able to recover attorney fees. *See West Coast Development v. Reed*, 2 Cal.App.4th 693, 706-707 (1992) (holding that there is no authority to support Plaintiff's contention that a fee award was erroneous for including fees for an attorney not of record and that it would be "unwise to adopt a policy which would dissuade litigants from retaining attorneys to assist in lawsuits before the attorney appears with respect to filed documents"). The Court consequently finds that the Arbitrator properly included Attorney Boling's fees in the Award.

### D.  Correction of Award

In the alternative, Respondent asks this Court to "correct" the award under 9 U.S.C. §11. Opp'n at 19. Under this statute, an award may be modified or corrected where there was an evident material miscalculation, the arbitrators awarded upon a matter not submitted to them, or the award is imperfect in the matter of form not affecting the merits of the controversy. *See generally* 9 U.S.C. § 11.

Specifically, Respondent argues that the Award erroneously included fees for pre-arbitration litigation activity, Attorney Boling's work, and inflated fees and costs from excessive, duplicative, and unnecessary attorneys' hours. *Id.* Respondent requests that these fees be stricken from the Award. *Id.* Respondent argues that the fee award should, as a result, be no more than $52,994, and the cost award should be $400. *Id.* at 20.

Petitioner argues that this Court does not have the power to modify the award under 9 U.S.C. §11. Reply at 14. While the Respondent contends that the Award erroneously included certain fees, Petitioner argues that the Respondent has failed to demonstrate that there was an evident material miscalculation of the figures or a material mistake of any degree in the Arbitrator's Award. *Id.*

The Court agrees with Petitioner and declines to modify the award. An award can be modified if "there was an evident material miscalculation of figures or an evident material mistake in the description of any award, thing, or property referred to in the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 17-00076-DOC-DFM                                   Date: June 10, 2021
                                                                                              Page 7

award." 9 U.S.C. §11(a). Here, however, the Respondent has not demonstrated that the alleged miscalculation was a mathematical mistake. First, the Settlement Agreement permits fees for pre-arbitration litigation activity. Second, Attorney Boling's fees are recoverable because his hours include pre-arbitration work and because he provided legal assistance on an as-needed basis after his disassociation and withdrawal as counsel. Finally, there are no excessive, duplicative, and unnecessary attorneys' hours included in the fees. Petitioner's lead counsel has apportioned and allocated time spent on the case, and it is typical for class action litigation to have co-counsel. *Id.* at 14. Therefore, Respondent has not met any of the three categories under 9 U.S.C. §11 to modify the Award.

## V.       Disposition

For these reasons, the Court **GRANTS** the Motion and **CONFIRMS** the Award. Judgment is entered in favor of Kim and against CashCall in the amount of $294,869 in total principal attorneys' fees and $2,719 in total principal amount of costs and expenses.

The Clerk shall serve this minute order on all parties to the action.


MINUTES FORM 11                                                 Initials of Deputy Clerk: djl
CIVIL-GEN